# IN THE

# UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

ADVENT MINING LLC

(Petitioner)

v.

RAYMOND DAVIS, *et al*

(Respondent)

Case No. 16-4049

---

## PETITIONER'S BRIEF

---

On appeal from the U.S. Department of Labor Benefits Review Board

BRB No. 16-0025 BLA

---

Respectfully Submitted,

/s/Denise Hall Scarberry_____
Hon. Denise Hall Scarberry
Jones & Walters, PLLC
PO Box 1167
208 Second Street
Pikeville, Kentucky 41502
(606)433-1167

## **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………………1

TABLE OF AUTHORITIES……………………………………………………...3

STATEMENT IN SUPPORT OF ORAL ARGUMENT………………………………4

STATEMENT OF JURISDICTION…………………………………………………5

ISSUES PRESENTED ………………………………………..................................6

STATEMENT OF THE CASE………………………………………………………8

SUMMARY OF ARGUMENT…………………………………….........................11

ARGUMENT…………………………………………………………….................13

I.       STANDARD OF REVIEW……………………………..……………….13

II.      THE BENEFITS REVIEW BOARD ERRED IN ITS AFFRIMATION OF THE
         ADMINISTRATIVE LAW JUDGE'S FINDING THAT THE CLAIMANT HAS
         A TOTALLY DISABLING PULMONARY OR RESPIRATORY
         IMPAIRMENT……………………………………………...…………………...14

         a.  The Benefits Review Board erred in its affirmation of the Administrative Law
             Judge's determination that Dr. Chavda's opinion on total disability was
             entitled to more weight than the opinions of Drs. Jarboe and Selby, when Dr.
             Chavda's opinion contained several deficiencies……………………………15

         b.  The Benefits Review Board erred in its affirmation of the Administrative Law
             Judge's determination that the medical opinion evidence establishes a totally
             disabling pulmonary or respiratory impairment……………………………..20

         c.  The Benefits Review Board erred in its conclusion that the Administrative
             Law Judge had considered the medical opinion evidence in light of the
             pulmonary function and arterial blood gas study evidence in reaching her
             conclusion that the Claimant had established a totally disabling pulmonary or
             respiratory impairment by a preponderance of the evidence………………..21

         d.  The Benefits Review Board erred in affirming the Administrative Law
             Judge's determination that the Employer was required to disprove a finding of
             total disability……………………………………………………………...22

III.    THE BENEFITS REVIEW BOARD ERRED IN AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT THE CLAIMANT WAS ENTITLED TO INVOKE THE FIFTEEN (15) YEAR PRESUMPTION.............................................................................23

IV.    ALTERNATIVELY, SHOULD THE FIFTEEN (15) YEAR PRESUMPTION APPLY, THE BENEFITS REVIEW BOARD ERRED IN AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT THE EMPLOYER HAD FAILED TO REBUT SUCH PRESUMPTION BY ESTABLISHING THAT THE CLAIMANT DID NOT HAVE PNEUMOCONIOSIS, EITHER CLINICAL OR LEGAL...........................................................................................24

CONCLUSION AND RELIEF SOUGHT .............................................................28

CERTIFICATE OF COMPLIANCE......................................................................29

CERTIFICATE OF SERVICE................................................................................29

DESIGNATION OF RELEVANT AGENCY DOCUMENTS..........................31

## TABLE OF AUTHORITIES

**Cases**

*O'Keefe v. Smith, Hinchman &Grylss Assoc., Inc.*, 380 U.S. 359 (1965)............................13
*Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 633 (6th Cir. 2009)......................13
*Director, OWCP v. Rowe*, 710 F.2d 251, 254-55 (6th Cir. 1983)....................................22
*Director, OWCP v. Quarto Mining Co.*, 901 F.2d 532, 536 (6th Cir. 1990)........................ 14
*Fields v. Island Creek Coal Co.*, 10 B.L.R. 1-19, 1-22 (1987)..................................15, 22
*Tucker v. Director, OWCP*, 10 B.L.R. 1-35 (1987)................................................17
*Mazgaj v. Valley Camp Coal Co.*, 9 B.L.R. 1-201 (1986)..........................................20, 22
*McMath v. Dir., OWCP*, 12 B.L.R. 1-6 9 (1988)..................................................25
*Pruitt v. Dir., OWCP*, 7 B.L.R. 1-544 (1984)....................................................25

**Statutes**

30 U.S.C. § 921(c)(4)..........................................................................8, 23
30 U.S.C. § 932(a)..............................................................................13
33 U.S.C. § 921(b)(3)...........................................................................13
20 C.F.R. § 718.305.............................................................................8, 9
20 C.F.R. § 718.305(a).........................................................................24
20 C.F.R. § 718.305(d).........................................................................24
20 C.F.R. § 718.204(b)(2)....................................................................9,11,12, 21
20 C.F.R. § 718.204(b)(2)(iv)................................................................10, 14, 15
20 C.F.R. § 802.301............................................................................13

**Other Authorities**

Fed. R. App. P. 3..............................................................................5, 11
Fed. R. App. P. 4..............................................................................5

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Petitioner requests oral argument to be heard in this matter where the issues presented are technical in nature and governed by both statute and common law. Oral argument will assist this Court in understanding and evaluating the merits of the case at bar.

## STATEMENT OF JURISDICTION

This claim for Federal Black Lung Benefits was filed with the Department of Labor Office of Workers' Compensation, Division of Coal Mine Workers' Compensation on October 14, 2010. A Proposed Decision and Order was issued on September 21, 2011. The Employer's previous Counsel requested a formal hearing on this matter on September 28, 2011. This matter was referred to the Office of Administrative Law Judges on November 14, 2011 for a formal hearing in accordance with section 422(a) of the Federal Mine Safety and Health Act of 1977. The formal hearing of this matter was conducted on July 7, 2015 before the Administrative Law Judge, Hon. Colleen A. Geraghty in Owensboro, KY. Judge Geraghty issued a Decision and Order Awarding Benefits on September 25, 2015. The Counsel for the Employer sought review before the United State of America, Department of Labor, Benefits Review Board. The Benefits Review Board issued a Decision and Order on August 31, 2016 affirming the Decision of the Administrative Law Judge and awarding Federal Black Lung Benefits to the Claimant. The Petitioner filed a timely appeal pursuant to Fed. R. App. P. 3. and Fed. R. App. P. 4.  on September 15, 2016.

**ISSUES PRESENTED**

1. Whether the Benefits Review Board erred in its affirmation of the Administrative Law Judge's finding that the Claimant has a totally and disabling pulmonary or respiratory impairment, when the substantial evidence of record demonstrates that no such impairment existed and the applicable law was applied in an inconsistent manner in rendering such finding.

   a. Whether the Benefits Review Board erred in its affirmation of the Administrative Law Judge's determination that Dr. Chavda's opinion with regards to total disability was entitled to more weight than the opinions of Drs. Jarboe and Selby, when Dr. Chavda's opinion contained several deficiencies.

   b. Whether the Benefits Review Board erred in its affirmation of the Administrative Law Judge's determination that the medical opinion evidence establishes a totally disabling pulmonary or respiratory impairment when two doctors rendered well-reasoned opinions that the Claimant is not totally disabled and only one doctor opined that the Claimant was totally disabled.

   c. Whether the Benefits Review Board erred in its conclusion that the Administrative Law Judge had considered the medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence in reaching her conclusion that the Claimant was totally disabled, when no such analysis appears within the ALJ's Decision and Order.

   d. Whether the Benefits Review Board erred in its affirmation of the Administrative Law Judge's determination that the Employer was required to disprove a finding

of total disability, when the burden of establishing all elements of entitlement lies with the Claimant.

2. Whether the Benefits Review Board erred in its affirmation of the Administrative Law Judge's finding that the Claimant was entitled to invoke the fifteen (15) year presumption when substantial evidence of record demonstrates that no such impairment existed and the applicable law was applied in an inconsistent manner in rendering such finding.

3. In the alternative, should the fifteen (15) year presumption apply, whether the Benefits Review Board erred in its affirmation of the Administrative Law Judge's finding that the Employer had failed to rebut the presumption, when the medical evidence clearly demonstrates that the Claimant does not have pneumoconiosis either clinical or legal.

## STATEMENT OF THE CASE

This Petition for Review stems from the August 31, 2016 Decision and Order issued by the U.S. Department of Labor, Benefits Review Board, (hereinafter referenced as "*BRB D&O*"), wherein the Benefits Review Board reviewed the Decision and Order dated September 25, 2015 issued by Administrative Law Judge ("ALJ") Colleen A. Geraghty. (hereinafter referenced as "*ALJ D&O*"). The miner, Mr. Raymond Davis ("Claimant/Respondent"), filed this claim on October 14, 2010, and the District Director found him entitled to benefits by Proposed Decision and Order issued on September 21, 2011. *DX No. 4, Page 1*[1], *APX 127, and DX-25, Page 4, APX 179.* Advent Mining, LLC. ("Employer/Petitioner") appealed the Director's findings on September 29, 2011, and this claim was forwarded to the Office of Administrative Law Judges on November 14, 2011. *DX-29, Page 1, APX 200.* A formal hearing took place on July 7, 2015 in Owensboro, Kentucky before the Administrative Law Judge Honorable Colleen Geraghty. At the hearing, the Employer agreed that it has been properly designated as the responsible operator, and stipulated to twenty-seven (27) years of coal mine employment. *Hearing Transcript* ("*H.Tr.*") *Page 6, APX 98.*

Mr. Davis was the only witness to testify at the hearing. *H.Tr. 14-30, APX 106-122.* He testified that his last coal mine work was as a shuttle car/ram car operator. *H.Tr. 19, APX 111.* This equipment can be operated in a sitting position using the hands and feet to operate levers and pedals.

In her Decision and Order Awarding Benefits, Judge Geraghty would find this case governed by the laws of the Sixth Circuit. *ALJ D&O, 6, APX 44.* After summarizing the evidence of record, Judge Geraghty determined that Mr. Davis had 27.24 years of underground coal mine

---

[1] "DX" refers to an exhibit found in the Director's Exhibits. "EX" refers to an exhibit of Employer. "CX" refers to an exhibit of the Claimant. All references to these exhibits contain the specific evidentiary number associated with the evidence cited.

employment. *ALJ D&O, 9, APX 47.* Next, the ALJ considered whether Mr. Davis is entitled to invoke the rebuttable presumption at 30 U.S.C. §921(c)(4), as implemented by 20 C.F.R. § 718.305 (also known as the fifteen (15) year presumption). *ALJ D&O, 6-19, APX 44-57.* Ultimately, Judge Geraghty determined that Mr. Davis filed this claim in accordance with the amendments in the Affordable Care Act at §1556, that he had established at least fifteen (15) years of underground coal mine employment and as such would be entitled to the fifteen (15) year presumption if he could establish a totally disabling pulmonary or respiratory impairment pursuant to 20 C.F.R. § 718.305. Despite finding that the Claimant had failed to establish a totally disabling pulmonary or respiratory impairment, by way of pulmonary function studies, arterial blood gas studies, and *cor pulmonale*, the ALJ then determined that the Claimant was totally disabled from a pulmonary perspective by way of reasoned medical opinion. *ALJ D&O, 12, 14 & 19, APX, 50, 52, & 57.* The ALJ then stated that once a "*prima facie* finding of total disability is made and the burden of going forward with evidence to prove the claimant is able to perform gainful and comparable work falls upon the party opposing entitlement, as defined pursuant to 20 C.F.R. §  718.204(b)(2)." *ALJ D&O, 19, APX 57.*  The ALJ then ultimately concluded that the Claimant had established by a preponderance of the evidence, "that he is totally disabled due to a respiratory or pulmonary condition." *Id.* As such, the ALJ concluded that Mr. Davis was entitled to invoke the fifteen (15) year rebuttable presumption, and thereby it is presumed that he is disabled due to pneumoconiosis. *Id.* Because this presumption is rebuttable, the ALJ next reviewed the evidence to determine if the employer successfully rebutted such presumption by establishing that either the Claimant does not have pneumoconiosis, both clinical and legal, or that his disabling pulmonary or respiratory impairment did not arise out of dust exposure in coal mine employment. *See* 20 C.F.R. §

718.305. The ALJ then determined that the Employer had not met its burden of establishing that the Claimant did not have clinical or legal pneumoconiosis. *ALJ D&O, 28, APX 66.* Furthermore, the ALJ determined that the employer failed to disprove that the Claimant's disabling impairment was not caused by pneumoconiosis or did not arise out of dust exposure in coal mine employment. *ALJ D&O, 30, APX 68.* Thus the ALJ concluded that the Employer did not rebut the presumption. *ALJ D&O, 30, APX 68.* Accordingly, the Claimant was awarded benefits. *Id.*

The Employer appealed and requested review from the Benefits Review Board. The Employer argued that the ALJ erred in determining that the Claimant had a totally disabling pulmonary or respiratory impairment; that the ALJ erred in determining that the Claimant was entitled to invoke the fifteen (15) year presumption; and alternatively that the ALJ erred in determining that the Employer had failed to rebut the fifteen year presumption. *Petitioner's Petition for Review and Brief, 5, APX 24.*

The Benefits Review Board determined that because Dr. Chavda relied on the arterial blood gas study of Dr. Selby it was "based on reliable objective testing" and affirmed the determination of the ALJ that Dr. Chavda's opinion was "documented and reasoned." *BRB D&O, 4, APX 12.* The Benefits Review Board, again affirmed the determination of the ALJ to credit Dr. Chavda's opinion, stating that,

> The administrative law judge…that Dr. Chavda's mistake in characterizing Dr. Selby's exercise blood gas study result as qualifying "does not taint his opinion," as Dr. Chavda stated that even if Dr. Selby's blood gas study is non-qualifying, "if you look into a practical purposes, the guy, in my clinical opinion, is totally disabled.

*Id.* Next, the BRB affirmed the finding that the medical opinion evidence established total disability pursuant to 20 C.F.R. § 718.204(b)(2)(iv). *ALJ D&O, 6, APX 44.* The BRB next states in it Decision and Order that the "as the administrative law judge properly considered the

medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence, we affirm the administrative law judge's finding that claimant established total disability pursuant to 20 C.F.R. § 718.204(b)(2)." *Id.* The BRB then affirmed the ALJ's finding that claimant invoked the rebuttable presumption of total disability due to pneumoconiosis. *Id.* The BRB reviewed the ALJ's determination in which she discredited the opinions of Drs. Selby and Jarboe, and affirmed that finding. *BRB D&O, 8, APX 16.* The BRB then affirmed the determination of the ALJ, that the Employer had failed to rebut the presumption by disproving the existence of legal pneumoconiosis. *Id.* The BRB did not review the chest x-ray evidence, but nevertheless concluded that the Employer had failed to rebut the presumption by demonstrating that the Claimant did not have pneumoconiosis. BRB D&O, 9, APX 17. The BRB then affirmed that ALJ's finding that the Employer had failed to rebut the presumption by demonstrating that no part of Claimant's respiratory or pulmonary total disability was caused by pneumoconiosis. *Id.* Ultimately, the BRB affirmed the ALJ's finding that the Employer had failed to rebut the presumption and the Claimant was thereby entitled to benefits.

The Petitioner/Employer, Advent Mining, appealed the August 31, 2016 Decision and Order of the Benefits Review Board on September 15, 2016 pursuant to Fed. R. App. P. 3.

## SUMMARY OF ARGUMENT

The Decision and Order issued by the BRB affirming the decision of the ALJ should be vacated/reversed, because such decision was irrational, unsupported by the substantial evidence of record, and inconsistent with applicable law and/or an error of the application of the law. The BRB addressed only whether it was appropriate for the ALJ to credit Dr. Chavda's medical opinion with regards to total disability but did not address whether or not it was proper to accord greater weight to the opinion of Dr. Chavda as opposed to the opinions of Dr. Selby and Dr.

Jarboe, despite the Employer stating in its brief to the Benefits Review Board that, "Judge Geraghty has applied an uneven approach in her examination of the evidence. She has discredited the doctors opinions who have concluded in favor of the Employer for the same reason she chose to give credit to those same doctors and their opinions in an earlier analysis contained within her Decision and Order." *Petitioner's Petition for Review and Brief, 9, APX 28.* The BRB did not address the fact that the ALJ had previously discredited the opinion of Dr. Chavda with regards to the arterial blood gas studies for rounding the PCO2 value down in order to meet Federal Criteria for Disability. The BRB affirmed the decision of the ALJ to credit Dr. Chavda's opinion simply because, the ALJ explained that Dr. Chavda stated that, "even if Dr. Selby's blood gas study is non-qualifying, "if you look into a practical purpose, the guy in my clinical opinion, is totally disabled." *BRB D&O, 5, APX 13.* Despite the fact that Dr. Chavda never explained what exactly the term "practical purpose" meant or what factors for a "practical purpose" were to be considered. The Employer/Respondent contends that the Benefits Review Board erred in its affirmation of the ALJ's finding of total disability by way of reasoned medical opinion. Such finding was not rational, is not supported by substantial evidence, and is inconsistent with applicable law.

Additionally, the BRB states in its Decision and Order that,

"the administrative law judge properly considered the medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence, we affirm the administrative law judge's finding that Claimant established total disability pursuant to 20 C.F.R. §718.204(b)(2)."

*BRB D&O, 6, APX 14.* However, the ALJ does not even discuss the weight of the pulmonary function studies, arterial blood gas studies, or lack of *cor pulmonale* evidence in comparison to the weight of the medical opinion evidence at any point in her decision and order. Specifically, such analysis should have occurred after she rendered a finding of total disability due to medical

opinion, but no such analysis occurred. *ALJ D&O, Page 19, APX 57*. As such, the ALJ could not have properly considered the medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence as the BRB states in it Decision & Order. *BRB D&O, 6, APX 14*. The Employer/Respondent contends that the Benefits Review Board erred in its affirmation of the ALJ's conclusion that, the "Claimant has established, by a preponderance of the evidence, that he is totally disabled due to a respiratory or pulmonary condition. Such finding was an error of law and is clearly not rational, not supported by the substantial evidence, and is inconsistent with applicable law. Because the evidence fails to show a totally disabling pulmonary or respiratory impairment, the Claimant should not have been entitled to invoke the fifteen (15) year presumption. Additionally and alternatively, the Employer/Respondent contends that the BRB erred in its affirmation of the ALJ's finding that the Employer had failed to rebut the presumption by establishing that the Claimant did not have clinical or legal pneumoconiosis. The substantial evidence of record supports these contentions.

For these reasons the Sixth Circuit Court of Appeals should VACATE/REVERSE the decision and order of the US Department of Labor, Benefits Review Board.

## **ARGUMENT**

### I.    **STANDARD OF REVIEW**

The standard of review for a legal conclusion from the Benefits Review Board is reviewed *de novo* and review of the ALJ's Decision is to determine whether it was supported by the substantial evidence. *Greene v. King James Coal Mining, Inc.*, 575 F.3d 628, 633 (6th Cir.2009). An ALJ's decision may not be disturbed if it is rational, supported by substantial evidence, and consistent with applicable law. 33 U.S.C. 921(b)(3), incorporated by reference into 30 U.S.C. 932(a); *O'Keeffe v. Smith, Hinchman & Grylls Assoc., Inc.*, 380 U.S. 359 (1965).  Findings of

13

facts in the decision under review shall be conclusive if supported by substantial evidence in the record considered as a whole. 33 U.S.C. §921(b)(3). See 20 C.F.R. §802.301. This Court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. *Director, OWCP v. Quarto Mining Co.*, 901 F.2d 532, 536 *(*6th Cir. 1990).

## II.     THE BENEFITS REVIEW BOARD ERRED IN ITS AFFIRMATION OF THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT THE CLAIMANT HAS A TOTALLY DISABLING PULMONARY OR RESPIRATORY IMPAIRMENT

It is the position of the Petitioner/Employer that the BRB erred in multiple facets of its Decision and Order in affirming the finding that the Claimant had established a totally disabling pulmonary or respiratory. The following may be used to establish total disability:

> (i) pulmonary function tests with values below federal criteria for disability; (ii) arterial blood gas tests with results below federal criteria for disability; (iii) a finding of pneumoconiosis with evidence of *cor pulmonale* with right-sided congestive heart failure; and (iv) if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in his usual coal mine employment.

20 C.F.R. §718.204(b)(2)(iv). The ALJ reviewed each method and determined the Claimant/Respondent had failed to establish a totally disabling pulmonary or respiratory impairment by way of (i)(ii) and (iii). *ALJ D&O, 12-*14, *APX 50-52.* The ALJ then analyzed the physician opinions rendered in this matter and determined that the Claimant had established total disability by way of reasoned medical opinion. *ALJ D&O, 19, APX 57.* The Employer contends that a finding of total disability by way of medical opinion in this case is reversible error as the "substantial evidence" did not support such finding. First, the employer contends that the BRB erred in affirming the ALJ's determination that Dr. Chavda's opinion with regards to total disability was well-reasoned and entitled to more weight than the opinions of Drs. Jarboe and

Selby, when Dr. Chavda's opinion contained several deficiencies. Next, the BRB erred in affirming the ALJ's finding that the totality of medical opinion evidence establishes a totally disabling pulmonary or respiratory impairment, when the "substantial evidence" does not support such finding. Third, the Employer argues that the BRB erred in its conclusion that the ALJ had considered the medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence in reaching her conclusion that the Claimant had established, by a preponderance of the evidence, a totally disabling pulmonary or respiratory impairment, when no such analysis is contained in the ALJ's Decision & Order. The Employer contends that the BRB exceeded its scope and committed an error of law in affirming this finding. Moreover, such finding is not supported by the "substantial evidence." Lastly, with regards to total disability, the Employer contends that the BRB erred in affirming the ALJ's determination that the Employer was required to disprove a finding of total disability, when the burden of proving such element of entitlement lies with the Claimant/Respondent. These arguments are set forth below.

> **a. The Benefits Review Board erred in its affirmation of the Administrative Law Judge's determination that Dr. Chavda's opinion on total disability was entitled to more weight than the opinions of Drs. Jarboe and Selby, when Dr. Chavda's opinion contained several deficiencies.**

The ALJ erred in her application of the law when she applied an uneven approach and credited the opinion of Dr. Chavda for the very same reasons she discredited the opinions of Drs. Selby and Tuteur.

In the Decision and Order, the ALJ acknowledged that an opinion must be based on medically acceptable clinical and laboratory diagnostic techniques and further stated that a reasoned opinion is one that contains underlying documentation adequate to support the physician's conclusions citing to § 718.204(b)(2)(iv) and *Fields v. Island Creek Coal Co.,* 10 B.L.R. 1-19, 1-22 (1987). Despite acknowledging these legal principles, the ALJ determined that

15

Dr. Chavda's medical opinion is "documented and reasoned" and determined that the opinions of Doctors Selby and Jarboe are "inadequately reasoned and documented." *ALJ D&O 18 & 19, APX 56 & 57.* However, Judge Geraghty has applied an uneven approach in her examination of the evidence. She has discredited the doctors' opinions who have concluded in favor of the Employer for the same reason she chose to give credit to those same doctors and their opinions in an earlier analysis contained within her Decision and Order. She defers to Dr. Chavda, who the ALJ believes to have "ultimately found that Claimant has a pulmonary or respiratory impairment which is disabling." *ALJ D&O,* 18, *APX 56.* However, in the same deposition that the ALJ cites to, Dr. Chavda also stated that, "I concluded that he did not have total pulmonary disabilities." *Employer's Exhibit No. 7, 21, APX 524.* Furthermore, he answered yes to the question that it is "your opinion he still has enough pulmonary function to do the job that he told you he had to do." *Id.* at 21-22, *APX, 524-526.* The ALJ acknowledged this testimony but stated that such testimony was mischaracterized and that at that point in the deposition Dr. Chavda had not yet looked at the arterial blood gas study performed by Dr. Selby, but was only relying upon the study performed during his examination, in which he concluded that the Claimant was <u>not</u> totally disabled. *ALJ D&O, 17-18, APX 55-56.* However, even after reviewing the arterial blood gas study performed by Dr. Selby, Dr. Chavda stated that, "I would say he's in the same condition when I saw him and when this ABG was done" when he was questioned as to whether or not there had been a change in the Claimant's condition since he examined him. *Employer's Exhibit No. 7, 33, 536.* The Employer acknowledges that Dr. Chavda did state that the Claimant was totally disabled, but notes that he based such statement on the exercise study of Dr. Selby, which Dr. Chavda rounded down the PCO2 value for it to qualify for total disability. *Id.* at 34, *APX 537.* Additionally it should be noted that just a couple pages prior to the ALJ crediting Dr.

Chavda's opinion in reliance upon the blood gas study conducted by Dr. Selby, she discredited Dr. Chavda's opinion that the blood gas study in Dr. Selby's examination produced qualifying values at exercise. She stated "Dr. Chavda apparently rounded down Claimant's PCO2 at exercise from a 33.3 to a 33." *ALJ D & O, 13, APX 51.* She then noted that the "blood gas tables at Appendix C of Part 718 do not permit "rounding up" or "rounding down" of PCO2 or PO2 values to determine whether the test is qualifying; rather, each value must be "equal to or less than the applicable table value." *Tucker v. Director, OWCP*, 10 B. L.R. 1-35 (1987)." *ALJ D & O, 13, APX 51.* Additionally, the ALJ credited Dr. Chavda's opinion because he stated that, "if you look into a practical purpose, the guy, in my clinical opinion is totally disabled." *Id.* at 16, *APX 54.* However, Dr. Chavda did not explain or define "practical purpose" or what factors he was considering when determining that the Claimant/Respondent is totally disabled. Moreover, it should be noted that after his initial examination, Dr. Chavda opined that the Claimant had a mild obstructive and restrictive impairment, but <u>does not</u> have a total pulmonary disability at the present time because his lung function is capable of allowing him to be employed in the coal mines from a pulmonary point of view. *Director's Exhibit No. 12, Pg. 40, APX 171.* Then after the DOL requested that Dr. Chavda review his examination results and address the arterial blood gas test conducted during his examination, it was only then that Dr. Chavda opined that the Claimant <u>does</u> have a totally disabling pulmonary impairment because he believed the exercise values of the November 9, 2010 blood gas study to demonstrate exercise induced hypoxia. *Id.* It should be noted that Dr. Chavda did not review any new evidence in making this opinion and in fact should have already considered the arterial blood gas study results from November 9, 2010 in his initial determination—which was that Mr. Davis was <u>not</u> totally disabled. *Director's Exhibit No. 12, Pg 40, APX 171.* The ALJ determined Dr. Chavda's opinion as being

"documented and reasoned" despite the several deficiencies contained within his opinion, including: the reliance upon an invalid arterial blood gas study; the fact that the second study conducted during his examination which was determined as valid did not meet federal criteria for disability; the fact that he misconstrued the PCO2 value of the exercise arterial blood gas study conducted during Dr. Selby's examination in order to conclude in the Claimant's favor; the reasoning that for "practical purpose[s]" the Claimant was totally disabled without any explanation as to what "practical purpose[s] include; and the multiple accounts of wavering testimony Dr. Chavda gave during his deposition and in the written opinions contained within his reports. It is clear that Dr. Chavda's opinion should not have been determined as "documented and reasoned" in light of the many deficiencies contained within his opinion. Clearly, such an inconsistent, unsupported, and undocumented opinion cannot be considered well-reasoned.

Next, the ALJ analyzed the opinion of Dr. Selby, who conducted an examination of the Claimant on July 21, 2011 at the request of the Employer. *ALJ D & O, 16-17, APX 54-55.* Dr. Selby's examination included a pertinent medical and occupational history, chest x-ray, pulmonary function study and arterial blood gas study. *Employer's Exhibit No. 1, APX,218-274.* Following the examination, Dr. Selby concluded that the Claimant had bronchial asthma, based on the Claimant's history of coughing and wheezing and dyspnea on exertion. Dr. Selby further noted that the Claimant does have some mild clinically insignificant hypoxia but no exercise induced hypoxia, as evidenced by the arterial blood gas study, reasoning that Mr. Davis' significant obesity was most likely the cause for shortness of breath with exertion.

Additionally, the ALJ reviewed the medical opinion of Dr. Jarboe, who conducted a medical records review at the request of the employer. *Employer's Exhibit No. 6, APX 479-503.* Dr. Jarboe determined that the Claimant is not disabled from a pulmonary standpoint and

18

reasoned that the evidence of record included several pulmonary function studies spanning a period of time from 2000 until 2011. Dr. Jarboe notes that two studies conducted by Dr. Simpao, in 2000 and 2006 were normal. Additionally, he concluded that the two blood gas studies conducted by Dr. Chavda were invalid. With regards to Dr. Selby's July 2011 blood gas study, Dr. Jarboe determined that this study did show mild hypoxemia at rest, and at peak exercise. *Employer's Exhibit No. 6, Pg. 10, APX 488*. However, Dr. Jarboe goes on to conclude that based on the fact that Mr. Davis demonstrates no ventilatory impairment or impairment of diffusion capacity which has resulted from his occupation as a coal worker, such mild hypoxemia was not caused by the presence of coal worker's pneumoconiosis or the inhalation of coal dust. Although Dr. Jarboe states that the "peak exercise arterial blood gases are qualifying based on the federal tables (PO2 at or below 67 with a PCO2 of 33)", Dr. Jarboe concludes that Mr. Davis is not totally and permanently disabled from a pulmonary standpoint to such an extent that he would be unable to do his regular coal mining work or work requiring similar effort. *Employer's Exhibit No. 6, Pg 11, APX 489.* The ALJ determined that the opinions of Drs. Selby and Jarboe are inadequately reasoned and documented. She reasoned that "neither Dr. Jarboe nor Dr. Selby demonstrated adequate understanding of Claimant's last coal mine employment duties" despite acknowledging that both doctors had reviewed various documents which featured detailed accounts of Claimant's last coal mine employment. *ALJ D&O, 18, APX 56.* She also stated that, "neither sufficiently explained how they determined the Claimant can perform the duties of his last coal mine employment." *Id.* Dr. Chavda did not explain how he determined the Claimant could not perform the duties of his last coal mine employment, but simply stated for "practical purpose[s]." Moreover, he failed to reconcile his inconsistent testimony that the Claimant was not totally disabled and then later was totally disabled, and then was again not totally disabled

and was then again totally disabled. Clearly, an uneven approach has been applied to medical opinion evidence with regards to establishing total disability. Moreover, it is clear that the opinions of Drs. Selby and Jarboe are well reasoned and documented as they have relied on the objective medical evidence in rendering their conclusions that the Claimant was not totally disabled. Although the Employer maintains that Dr. Selby and Dr. Jarboe are well-reasoned, but for purposes of this brief even if the ALJ's contentions regarding the opinions of Drs. Selby and Dr. Jarboe are accurate then Dr. Chavda's opinion still should not have been credited as it was clearly not well reasoned. It must also be noted that the Claimant bears the burden of establishing, by a preponderance of the evidence, that he has a totally disabling pulmonary or respiratory impairment. *Mazgaj v. Valley Camp Coal Co.,* 9 B.L.R. 1-201 (1986). Clearly the Claimant cannot satisfy that burden with regards to the medical opinion evidence as the only opinion in support of the Claimant's contention that he is totally disabled is the opinion of Dr. Chavda's. The substantial evidence does not support a finding that Dr. Chavda's opinion was well-reasoned. As such it was error for the ALJ to credit Dr. Chavda's opinion, discredit the opinions of Drs. Selby and Jarboe, and thereby find a totally disabling pulmonary or respiratory impairment by way of medical opinion, and it was error for the BRB to affirm such finding(s). As such the ALJ's finding that Dr. Chavda's opinion was entitled to more credit must be vacated/reversed and the discrediting of the opinions of Drs. Selby and Jarboe must also be vacated/reversed. Therefore, it was error for the ALJ to conclude the Claimant/Respondent had a totally disabling pulmonary or respiratory impairment and for the BRB to affirm such finding.

      **b.  The Benefits Review Board erred in its affirmation of the Administrative Law Judge's determination that the medical opinion evidence establishes a totally disabling pulmonary or respiratory impairment.**

As explained above, the opinions of Drs. Selby and Dr. Jarboe are well-reasoned. They adequately understood the requirements of the Claimant's coal mine employment and adequately explained their reasoning for finding that the Claimant was not totally disabled. Their opinions are well-supported by the objective medical evidence contained within the record. Dr. Chavda's opinion contained multiple deficiencies and he wavered back and forth as to whether or not the Claimant is totally disabled. Two medical opinions have been provided that demonstrate that the Claimant has a totally disabling pulmonary impairment, whereas only one has been provided which concluded that the Claimant has a totally disabling pulmonary impairment. Clearly the "substantial" medical opinion evidence of record establishes that the Claimant does not have a totally disabling pulmonary or respiratory impairment. The ALJ erred in reaching the conclusion that the Claimant had established a totally disabling pulmonary or respiratory impairment by way of medical opinion evidence and thus it was error for the ALJ to affirm such finding as the "substantial evidence" did not support such conclusion. Accordingly, the decision of the BRB to affirm such finding must be vacated/reversed.

> c. **The Benefits Review Board erred in its conclusion that the Administrative Law Judge had considered the medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence in reaching her conclusion that the Claimant had established a totally disabling pulmonary or respiratory impairment by a preponderance of the evidence.**

The BRB stated in its Decision and Order that, "the administrative law judge properly considered the medical opinion evidence in light of the pulmonary function and arterial blood gas study evidence, we affirm the administrative law judge's finding that claimant established total disability pursuant to 20 C.F.R. §718.204(b)(2)." However, the ALJ made no analysis whatsoever with regards to the weight of the medical opinion evidence in comparison to that of

21

the pulmonary function study evidence, the arterial blood gas study evidence, and the lack thereof of *cor pulmonale evidence. ALJ D&O, 19, APX 57*. In reviewing a miner's claim, an administrative law judge is statutorily obliged "to consider all the evidence and make findings of fact and conclusions of law which adequately set forth the factual and legal basis for her decision. *Director, OWCP v. Rowe*, 710 F.2d 251, 254-55 (6th Cir. 1983). Moreover, an administrative law judge "must weigh all contrary probative evidence and should not limit her inquiry to weighing medical evidence of the same type or category. *Fields v. Island Creek Coal Co.*, 10 B.L.R. 1-19 (1987). Although the ALJ considered each category of evidence with other evidence of the same category, she did not consider the evidence in comparison to the evidence of other categories. As such this was clearly inconsistent with applicable law and as such the finding of total disability, by a preponderance of the evidence must be vacated and remanded. Moreover, it was an error of law for the BRB to find that the ALJ had made such analysis, when no such analysis is contained within her Decision and Order. By reaching such conclusion the BRB erred as a matter of law and exceeded its scope. Furthermore, even if such analysis were made then the "substantial evidence" supports a finding that the Claimant/Respondent has failed to establish a totally disabling pulmonary or respiratory impairment. Thus this finding must be vacated.

### d. The Benefits Review Board erred in affirming the Administrative Law Judge's determination that the Employer was required to disprove a finding of total disability.

The Administrative Law Judge stated that the once it is demonstrated that the miner is unable to perform his usual coal mine work a prima facie finding of total disability is made and the burden of going forward with evidence to prove the claimant is able to perform gainful and comparable work falls upon the party opposing entitlement. However, all evidence relevant to

the question of total disability is to be weighed with the Claimant/Respondent bearing the burden of establishing, by a preponderance of the evidence the existence of this element. *Mazgaj v. Valley Camp Coal Co.,* 9 B.L.R. 1-201 (1986). Moreover, even if the burden of going forward with evidence to prove the Claimant is able to perform his last coal mine work falls upon the party opposing entitlement, then contrary to the ALJ's statement the Employer has presented such evidence. The pulmonary function and arterial blood gas study evidence, as well as the well-reasoned medical opinion evidence of Drs. Selby and Jarboe represent sufficient evidence establishing that the Claimant/respondent does have the ability to return to his last coal mines employment or a job of similar requirements in a dust free environment. As such, when the ALJ required the Employer to produce evidence that the Claimant is able to perform gainful and comparable work, this was an error of law and is clearly "inconsistent with applicable law." Moreover such finding that the Employer had not produced such evidence is not supported by the "substantial evidence" of record. Accordingly, the BRB erred in affirming these findings finding. Therefore, such findings must be vacated.

### III.  THE BENEFITS REVIEW BOARD ERRED IN AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT THE CLAIMANT WAS ENTITLED TO INVOKE THE FIFTEEN (15) YEAR PRESUMPTION

As explained in detail above, the substantial evidence of record does not support a finding of total disability. In order to invoke the fifteen year presumption the Claimant/Respondent must establish, by a preponderance of the evidence, that he was employed in one or more underground coal mines and he that he has a totally disabling pulmonary or respiratory impairment. 30 U.S.C 921(c)(4). Clearly, as the multiple reasons outlined above the "substantial evidence" of record does not establish that the Claimant/Respondent met his burden of proving, by a preponderance of the evidence, a totally disabling pulmonary or respiratory

impairment. Without the establishment of such element the Claimant cannot invoke the fifteen year presumption. Therefore it was error for the ALJ to reach this conclusion and it was an error for the BRB to affirm such finding. Accordingly, the BRB's Decision and Order affirming such finding must be vacated/reversed.

## IV.    ALTERNATIVELY, SHOULD THE FIFTEEN (15) YEAR PRESUMPTION APPLY, THE BENEFITS REVIEW BOARD ERRED IN AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S FINDING THAT THE EMPLOYER HAD FAILED TO REBUT SUCH PRESUMPTION BY ESTABLISHING THAT THE CLAIMANT DID NOT HAVE PNEUMOCONIOSIS, EITHER CLINICAL OR LEGAL.

For the purposes of this brief, even if the Employer were to assume that the Claimant had established a totally disabling pulmonary or respiratory impairment and was in fact entitled to invoke the fifteen year presumption, then the ALJ erred when she determined that the Employer had not rebutted the presumption. The Employer can rebut the presumption by either one of two ways: by establishing either that the Claimant does not have pneumoconiosis; or that his disabling respiratory impairment did not arise out of pneumoconiosis or dust exposure in coal mines employment. *See* § 718.305(a), (d). The ALJ erroneously determined that the Employer had failed to establish that the Claimant did not have clinical or legal pneumoconiosis. *ALJ D & O, page 28, APX 66.* This finding was reversible error because the Employer presented substantial evidence to demonstrate that the Claimant did/does not have clinical or legal pneumoconiosis and that any pulmonary or respiratory impairment the Claimant may have did not result from pneumoconiosis or coal mines employment.

First, Doctors Selby, Myers, Shipley, and Meyer have all interpreted x-rays as negative for clinical or medical coal worker's pneumoconiosis. Dr. Wayne Myers, at the request of the DOL, interpreted the DOL examination chest x-ray, conducted on November 4, 2010, as

24

negative for the presence of pneumoconiosis. Furthermore, rebuttal readings of this chest x-ray were submitted by both the Claimant and the Employer. Dr. Crum, interpreted this same x-ray, by request of the Claimant, as category 1/0, while Dr. Shipley interpreted this same x-ray as negative for the presence of pneumoconiosis. All of these physicians are equally qualified. However, the numerical superiority of the November 4, 2010 chest x-ray clearly demonstrates that the Claimant does not have clinical pneumoconiosis. Judge Geraghty ultimately found this x-ray as negative for the presence of pneumoconiosis. The next x-ray of record was conducted on July 21, 2011 during the examination of Dr. Selby. Dr. Selby determined that this x-ray film was negative for the presence of pneumoconiosis. Rebuttal readings of this x-ray film were submitted by both the Claimant and the Employer, with Dr. Meyer, who reviewed the x-ray at the request of the Employer, also interpreting this x-ray as negative for the presence of pneumoconiosis and Doctors DePonte and Dr. Ahmed, who reviewed this x-ray at the request of the Claimant, as category 1/0. Judge Geraghty accorded more weight to the fact that two dually qualified physicians interpreted the July 21, 2011 x-ray as positive. Thus she determined the July 21, 2011 x-ray as positive for presence of pneumoconiosis. Ultimately, Judge Geraghty accorded more weight to the most recent x-ray. It should be noted that just prior to reaching this conclusion, Judge Geraghty stated, "a finder of fact is not required to accord greater weight to the most recent x-ray evidence of record. Rather, the length of time between the x-ray studies and the qualifications of the interpreting physicians are factors to consider," citing to *McMath v. Dir., OWCP*, 12 B.L.R. 1-6 (1988); and *Pruitt v. Dir., OWCP*, 7 B.L.R. 1-544 (1984). *ALJ D & O, 21, APX 59.* Judge Geraghty's ultimate conclusion is in contrast to her earlier statement and as such is reversible error. It is clear that the Claimant has presented sufficient evidence to rebut the presumption that the Claimant did not have clinical coal worker's pneumoconiosis.

25

Next, Dr. Jeff Selby, following his examination stated that, "Mr. Davis does not have coal worker's pneumoconiosis, medical or legal. He explained that based upon the Claimant's history of coughing, wheezing and dyspnea on exertion, the Claimant most like has bronchial asthma. *Employer's Exhibit No. 4,* 1, *APX 275.* Dr. Selby noted that the Claimant is not receiving treatment for bronchial asthma as based upon the objective studies. Furthermore, Dr. Selby determined that "Mr. Davis has significant obesity that is his most likely cause for shortness of breath and mild, clinically insignificant hypoxia. He noted that the Claimant is out of shape and such deconditioning can be a competing or leading cause of shortness of breath with exertion. In the entirety of Dr. Selby's report from his examination, he did not determine that any of the Claimant's conditions are related to or caused by his employment in a coal mines or exposure to coal dust. Judge Geraghty discounted this opinion because she believed that Dr. Selby did not address whether or not the Claimant's hypoxemia is due both to his twenty-seven (27) years of coal dust exposure and to the obesity and sleep apnea and as such it was not well-reasoned. However, the key to this analysis is that during Dr. Selby's examination of the Claimant, Dr. Selby stated that Mr. Raymond Davis does not suffer from any respiratory or pulmonary abnormality as a result of coal mine dust inhalation or coal mine employment. Clearly, it can be inferred from this statement that any impairment the Claimant has is not caused by coal mine dust inhalation or coal mine employment, including his hypoxemia. Judge Geraghty's statement implies that an examining Doctor is required to address potential causes of impairments or problems even though the medical evidence demonstrates that such potential cause is clearly not the underlying cause. This would be like requiring a police officer to consider a suspect in a crime, even though the evidence clearly demonstrates that such individual is not the perpetrator. Dr. Selby has relied upon the objective findings in determining that the Claimant's hypoxemia is

caused by obesity and sleep apnea. As such, his opinion is well-reasoned and it was reversible error to discount Dr. Selby's well-reasoned opinion.

Additionally, the ALJ stated in her Decision and Order that Doctor Jarboe did not have a probative opinion on whether or not the Claimant had pneumoconiosis. However, it should be noted that Dr. Jarboe stated in his report that "within reasonable medical probability and/or certainty, I do not feel there is sufficient objective evidence to justify a diagnosis of coal worker's pneumoconiosis with respect to Mr. Davis." *Employer's Exhibit No. 6, Pg.* 8, *APX 486.* He based his opinion on the fact that the x-ray evidence substantially indicated that the Claimant did not have clinical pneumoconiosis when looking at the factors of qualifications of the physician as well as the date of the study. *Id.* He then stated there was not sufficient evidence to make a diagnosis of legal pneumoconiosis. He based this finding on the fact that the valid pulmonary function studies show no evidence of restriction or obstruction. Furthermore, he discusses the arterial blood gas studies and states that the results of all blood gas studies have been variable. *Id.* He opined that the earlier dated studies indicated normal results, the studies conducted by Dr. Chavda were invalid and ultimately noted that Dr. Selby's arterial blood gas study did reveal some mild hypoxemia. Then Dr. Selby turned to the pulmonary function study conducted in conjunction with Dr. Selby's examination and noted that this study was normal. Combining those two pieces of evidence together in order to render a decision, Dr. Jarboe stated that considering the fact that Mr. Davis demonstrates no ventilatory impairment of diffusion capacity, he finds it highly unlikely that the mild hypoxemia has been caused by the presence of coal worker's pneumoconiosis or the inhalation of coal mine dust. Then later, Dr. Jarboe states that even if the Claimant is found to have pneumoconiosis, then his opinion regarding the degree and cause of any respiratory impairment or disability would not change, as a result of the normal

ventilatory function and the varied blood gas results demonstrating mild hypoxemia. Contrary to the ALJ's statement, Dr. Jarboe has clearly made determinations with regards to clinical and legal pneumoconiosis. He has consistently based his opinions on the objective studies performed on the Claimant and as such his opinion is well-reasoned and well-documented. The ALJ erred when she chose to discredit his opinion and afford it less probative weight. The Employer has presented sufficient evidence to establish that the Claimant does not have legal pneumoconiosis and therefore has rebutted the fifteen (15) year presumption.

The ALJ has not applied an even-handed approach to her examination of the evidence. She has discredited the doctors opinions who have concluded in favor of the Employer for the same reasons that she defers to the doctor who concluded in favor of the Claimant. Because the substantial evidence of record does not support the ALJ's finding that the Employer failed to rebut the presumption by demonstrating that the Claimant/Respondent does not have pneumoconiosis, either clinical or legal, the BRB erred in its affirmation of such finding. Therefore the Decision and Order affirming such finding must be vacated/reversed.

### CONCLUSION AND RELIEF SOUGHT

Based upon the above, the Employer/Petitioner requests that this Court vacate/reverse the decision of the BRB to affirm the findings of the ALJ and that the Claimant/Respondent be denied Federal Black Lung Benefits.

Respectfully submitted,

/s/ Denise Hall Scarberry
**DENISE HALL SCARBERRY**
**Jones, Walters, Turner & Shelton PLLC**
**208 Second Street**
**P.O. Box 1167**
**Pikeville, KY 41502**
**Telephone No.: (606) 433-1167**
**Telefax No.: (606) 433-0180**
dscarberry@joneswalters.com

28

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(b)(iii)

because it contains 7,487 words, excluding those parts exempted by Fed. R. App. P.

32(a)(7)(B)(iii).

## CERTIFICATE OF SERVICE

This is to certify that a complete and accurate copy of the foregoing was duly filed via the

Court's CM/ECF system and/or was duly mailed, postage prepaid this the 21st day of December,

2016, to the following:

**ORIGINAL TO:**      United States Court of Appeals
                      For the Sixth Circuit
                      100 East Fifth Street, Room 450
                      Potter Stewart U.S. Courthouse
                      Cincinnati, OH 45202-3988

**COPIES TO:**        Hon. Austin P. Vowels
                      Vowels Law, PLLC
                      PO Box 2082
                      126 North Main St.
                      Henderson, Ky 42419-2082

                      Hon. Sarah M. Hurley
                      U.S. Department of Labor
                      Office of the Solicitor
                      200 Constitution Ave., N.W.
                      Washington, DC  20210

                      Hon. Sean G. Bajkowski
                      U.S. Department of Labor
                      Office of the Solicitor/BLLS
                      200 Constitution Ave., N.W., Suite N-2119
                      Washington, DC  20210

Mr. Thomas O. Shepherd, Jr.
Clerk of the Board
U. S. Department of Labor
Benefits Review Board
P. O. Box 37601
Washington, DC  20013-7601


/s/ Denise Hall Scarberry
**DENISE HALL SCARBERRY**

## DESIGNATION OF RELEVANT AGENCY DOCUMENTS

The following documents are relevant documents in this matter:

| Date | Name of Document | Page Range |
|------|------------------|------------|
| 09/14/16 | Petition for Review | 1-3 |
| 08/31/16 | Benefits Review Board Decision and Order | 1-11 |
| 11/18/15 | Petition for Review and Brief | 1-19 |
| 09/28/15 | ALJ Decision and Order Awarding Benefits | 1-33 |
| 08/31/15 | Brief of Employer to ALJ | 1-21 |
| 07/07/15 | Hearing Transcript | 1-34 |
| 10/14/10 | Director's Exhibit No. 4 (Miner's Claim for Benefits) | 1-4 |
| 11/29/10 | Director's Exhibit No. 12 (Miner's Claim for Benefits) | 1-44 |
| 10/14/10 | Director's Exhibit No. 25 (Department of Labor Examination) | 1-16 |
| 11/14/11 | Director's Exhibit No. 29 (CM-1025 Package) | 1-18 |
| 07/21/11 | Employer's Exhibit No. 1 (Medical Report of Dr. Jeff Selby) | 1-57 |
| 07/02/02-02/11/11 | Employer's Exhibit No. 4 (Medical Records of Department of Veterans Affairs) | 1-204 |
| 05/15/12 | Employer's Exhibit No. 6 (Medical Report of Dr. Thomas Jarboe) | 1-25 |
| 03/14/2014 | Employer's Exhibit No. 7 (Deposition of Dr. Chavda) | 1-36 |